# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROBERT ALLEN RODRIGUEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:15-CV-0025-ACL |
| | ) |
| HERBERT L. BERNSEN, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Robert Allen Rodriguez for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docs. #1 and #3]. For the following reasons, the Court will instruct petitioner to show cause why this action should not be dismissed for failure to exhaust available state remedies.

Petitioner, a pre-trial detainee at the St. Louis County Justice Center, seeks a writ of habeas. Liberally construing the petition, petitioner is challenging the merits of his ongoing state criminal proceeding. More specifically, petitioner claims that his due process rights are being violated, and he asks the Court to dismiss the case and release him from his illegal incarceration.

In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure. Not only will petitioner have the

opportunity to raise constitutional challenges in the context of his state criminal proceedings, and if necessary, subsequent appeal, but the State of Missouri provides habeas corpus relief for prisoners in its custody. As such, petitioner has available state procedures that he must exhaust before invoking federal habeas jurisdiction.

Therefore,

**IT IS HEREBY ORDERED** that no order to show cause shall issue at this time as to respondent, because it appears that petitioner did not exhaust available state remedies before invoking federal habeas corpus jurisdiction.

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant habeas corpus application for failure to exhaust available state remedies. Petitioner's failure to file a show cause response may result in the denial of the instant petition and the dismissal of this action, without prejudice.

Dated this 6th day of February, 2015.

_____
**ABBIE CRITES-LEONI**
**UNITED STATES MAGISRATE JUDGE**